**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allied World Assurance Company, | No. CV-24-01677-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Farm Bureau Property & Casualty Insurance Company, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Quash Notice of Deposition and Motion for Protective Order. (Doc. 45). The Motion is fully briefed. (Docs. 49; 50). For the following reasons, the Court grants the Motion.

## I.    BACKGROUND

On November 1, 2024, the parties met in open court for a Rule 16 Scheduling Conference. (Doc. 24). After the Conference, with the agreement of the parties, the Court issued its Scheduling Order. (Doc. 25). Relevant deadlines in the Scheduling Order include a deadline on discovery of May 16, 2025, and a deadline for expert depositions of August 8, 2025. (Id.).

On July 7, 2025, the parties filed a Stipulation for Amendment of the Scheduling Order and Extension of Discovery and Dispositive Motion Deadline. (Doc. 40). The Court denied the Stipulation, stating that the parties did not give any reason for the request, nor the delay and the request came well after the deadline for discovery had passed. (Doc. 41). The parties then filed a Joint Motion for Enlargement of the Deadline to File Dispositive

Motions. (Doc. 42). The Court granted this stipulation, as the parties gave cause and the deadline to file dispositive motions had not yet passed. (Doc. 47).

On July 30, 2025, Defendants filed a Notice of a 30(b)(6) Deposition of Allied World Representative. (Doc. 44). Plaintiff objected to this Notice, in the Motion to Quash Notice of Deposition and Motion for Protective Order, that is before the Court. (Doc. 45). The Court stayed the deposition, that was noticed for August 8, 2025, until such time that Plaintiff's Motion was fully briefed. (Doc. 48). As it is now fully briefed, the Court reviews.

## II.    ANALYSIS

As an initial matter, the Court finds that May 16, 2025, being the deadline for discovery, was the deadline to conduct a Rule 30(b)(6) deposition. The Court's Scheduling Order, dated November 4, 2024, reads:

> IT IS [ ] ORDERED that all discovery, answers to interrogatories, and supplements to interrogatories must be completed by May 16, 2025. In no event, however, shall this provision alter the duties and obligations imposed upon the parties by Federal Rule of Civil Procedure 26(e). This Order contemplates that each party will conduct discovery in such a manner as to complete, within the deadline, any and all discovery. "Last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

(Doc. 25). Rule 30(b)(6) depositions are included in this fact discovery, which are markedly different than expert depositions. The Scheduling Order provides for the following in regard to experts:

> IT IS [ ] ORDERED that the parties shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, and 705 no later than June 27, 2025. No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made. Depositions of all expert witnesses must be concluded by August 8, 2025.

(Doc. 25).

Defendants offer several reasons as to why Plaintiff's Motion should be denied, and the deposition should be allowed to occur. In so far as their argument that the Scheduling Order is not clear, the Court finds the argument unpersuasive.

First, Defendants argue that Plaintiff did not fulfill the requirements of LRCiv 7.2(j), which requires "personal consultation and sincere efforts" between the parties to resolve a discovery dispute before filing a motion with the Court. Based on the briefings, and the filings made with the Court regarding deadlines in this matter, the Court finds that parties have been consulting back and forth regarding similar issues for the past several months. On July 29, 2025, Plaintiff sent a letter that it indicating that it would be "happy to continue . . . discussions" on this and similar matters (Doc. 45-1 at 20). The next day, Defendants noticed the deposition at issue, to occur on August 8, 2025. The Court finds that Plaintiff fulfilled its obligations under the rules. Further, even if Plaintiff did not technically fulfill their LRCiv 7.2(j) requirements, the Court "can still decide a motion on the merits despite a failure to meet and confer." SiteLock LLC v. GoDaddy.com LLC, No. CV-19-02746-PHX-DWL, 2023 WL 3344638, at *17 (D. Ariz. 2023) (citing Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012)).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    Defendants further argue that the alleged prejudice that Plaintiff would suffer is
2  limited to the same "same issues that every other corporate litigant faces in a lawsuit."
3  (Doc. 49 at 6). The Court disagrees. Defendants' request was made over ten weeks past the
4  lay witness deposition deadline. (Doc. 44). Requiring Plaintiff to prepare and attend a
5  deposition, at this "midnight hour," as the deadline for dispositive deadlines approaches,
6  impermissible prejudices Plaintiff.
7    Accordingly,
8    **IT IS ORDERED granting** Plaintiff's Motion. (Doc. 45).
9    **IT IS ORDRED quashing** the Notice of Deposition. (Doc. 44).
10    **IT IS ORDERED granting** Plaintiff a protective order from its Corporate
11  Representative being deposed at this time.
12    Dated this 27th day of August, 2025.
13
14
15    Stephen M. McNamee
16    Senior United States District Judge
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -